# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY MARQUEZ,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | **Case No. 1:15-cv-01822-EPG**<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

    This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 8.)

    At the hearing on May 4, 2017, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

    For the reasons announced by the Court on the record at the conclusion of the parties' oral argument on May 4, 2017, the Court finds that the decision of the Commissioner of Social Security should be reversed and the case should be remanded for further proceedings. The Administrative Law Judge found that Plaintiff was capable of performing her past relevant work as a home attendant as actually performed and as generally performed at step four of the five step

1

analysis. In making this finding, the ALJ found that Plaintiff had the residual functional capacity to perform light work. Both the residual functional capacity finding and testimony from the vocational expert assume work performed for 8 hours per day. Evidence in the record, however, demonstrated that Plaintiff's work as a home attendant was performed 10 hours per day and 7 days per week. Moreover, the Dictionary of Occupational Titles describes the home attendant position as requiring medium work. Thus, the ALJ erred in finding that Plaintiff could perform her past relevant work as generally performed (because she was only capable of performing light work) and as actually performed (because there were no factual findings indicating that Plaintiff could work 10 hours per day for 7 days per week).

Plaintiff also raised two arguments challenging the ALJ's step two analysis with respect to Plaintiff's mental illness and asthma. The Court did not find any error with respect to the ALJ's analysis on these issues and finds that the ALJ's analysis was supported by substantial evidence in the record.

On remand, the Administrative Law Judge shall examine the record and determine whether Plaintiff is capable of performing her past relevant work, either as generally performed or as actually performed. If she is capable of doing so, the ALJ should explain why. If she is not capable of doing so, the ALJ should so state and continue with the five step process.

Accordingly, the Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and the case is remanded to the Social Security Administration. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Nancy Marquez and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **May 4, 2017**　　　　　　　　　　/s/ Erica P. Grosjean
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE